ORIGINAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

AUG 1 0 2006

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| **HERBERT WILLIS, #1263157,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:06-CV-0865-B** |
| | ) | **ECF** |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for habeas corpus relief brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is currently confined at the Briscoe Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Dilley, Texas. Respondent is the Director of TDCJ-CID. The Court did not issue process to Respondent pending

preliminary screening. On June 28, 2006, the Magistrate Judge issued a questionnaire to Petitioner, who filed his answers thereto on July 14, 2006.[1]

Statement of the Case: Following his plea of not guilty, a jury convicted Petitioner of possession of a controlled substance in the 203rd Judicial District Court of Dallas County, Texas, in Cause No. F02-02191. Punishment was assessed at twenty-two years imprisonment. (Petition (Pet.) at 2). The court of appeals affirmed his conviction. Gardner v. State, No. 05-03-01073-CR (Tex. App. – Dallas May 13, 2005, no pet.) http://www.courtstuff.com/FILES/05/03/05031551.HTM (Docket Sheet information generated on June 26, 2006).

Petitioner subsequently filed two state applications for writ of habeas corpus pursuant to art. 11.07, Texas Code of Criminal Procedure. (Answer to Question 6). The first application, filed on July 21, 2005, was dismissed by the Texas Court of Criminal Appeals on September 21, 2005, because Petitioner's direct criminal appeal was pending at the time of its filing. Ex parte Willis, No. 62,832-01.[2] The second application, filed on December 9, 2005, remains pending before the trial court. (See Attachment I). Petitioner correctly notes that the state filed a response on December 27, 2005, requesting that the application be denied. (Answer to Question

_____

[1]      The pleadings filed in this case reflect a discrepancy with respect to Petitioner's name. In the petition and motion to proceed in forma pauperis (IFP Motion), Petitioner indicates his name is "Herbert Willis, #1263157." The Certificate of Inmate Trust Account and TDCJ In Forma Pauperis Data Sheet, which are attached to the IFP Motion, reflect his name as "Herbert Dewayne Willis, #1263157." In answer to the questionnaire, Petitioner identifies his name as "Herbert E. Willis" and "Herbert Earl Willis." (Answer to Question 1). A criminal background search on the Dallas County website lists him as "Herbert E Willis" or "Herbert Earl Willis" (for conviction No. F02-02191) and as "Herbert Dewayne Willis" (for conviction No. F03-63393).

[2]      The docket sheet in No. 05-03-01551-CR reflects that a mandate was not issued in Petitioner's direct criminal appeal until August 4, 2005, after the filing of the first art. 11.07 writ.

2

6). However, as of the filing of this recommendation, the trial court has yet to issue its findings and recommendation.

In his federal petition, filed on May 12, 2006, Petitioner alleges ineffective assistance of counsel and insufficiency of the evidence.

Findings and Conclusions:   This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which provides in pertinent part that a state prisoner must exhaust all available state court remedies before a federal court will consider the merits of his claims.  28 U.S.C. § 2254(b) and (c) (West 2006); Rhines v. Weber, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings."  Rose v. Lundy, 455 U.S. 509, 518 (1982); see also Rhines, 544 U.S. at 274.  Exhaustion of state court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court."  Morris v. Dretke, 379 F.3d 199, 204 (5th Cir. 2004) (quoting Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999)).  A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus pursuant to Tex. Code Crim. Proc. art. 11.07.  Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998); Bautista v. McCotter, 793 F.2d 109, 110 (5th Cir. 1986); Richardson v. Procunier, 762 F.2d 429, 430-32 (5th Cir. 1985).

A review of the petition reflects that Petitioner has not satisfied the exhaustion requirement. His second art. 11.07 application is presently pending before the trial court. (See Attachment I).  The Texas Court of Criminal Appeals has, thus, not had an opportunity to

3

consider the merits of the claims which Petitioner raises in this action.  Accordingly, the petition

for a writ of habeas corpus should be dismissed without prejudice for failure to exhaust state

court remedies.

RECOMMENDATION:

      For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus

be dismissed without prejudice for failure to exhaust state court remedies, see 28 U.S.C. §

2254(b) and (c).[3]

      A copy of this recommendation shall be mailed to Petitioner.

      Signed this _10_ day of ___August___, 2006.


      PAUL D. STICKNEY
      UNITED STATES MAGISTRATE JUDGE


NOTICE

      In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

      [3]    The Court cautions Petitioner that the 1996 amendment to the habeas corpus statute imposes a one-year statute of limitations for filing habeas corpus petitions in federal court, see 28 U.S.C. § 2244(d), and that this provision is applicable to this and any subsequent petition that Petitioner may file in this court.

4

**ATTACHMENT   I**

This is your document, please print for your records.

To view additional information use the page up or page down key where applicable.



DA CASE ID W-0202191-B            JUDCL CASE ID W-0202191-B

A010 DEF NAME WILLIS          C010 DEF NAME WILLIS

J U D I C I A L   I N F O R M A T I O N

A010-020-030-040                              FILE DATE 120905

DEF NAME WILLIS_HERBERT_____ RACE _ SEX U DOB 00000000  AGE ___

DEF ADR1 _____ AC ___ PH _____ SS ___ __ ____

DEF CITY _____ ST __ ZIP _____ DLNUM _____ DLST ___

OFF 1107_PEN_WRIT_____ DT 000000 TYP/CL F P GOC/CAT _ _ CODE VA000300

COMT _____ SID NUM _____ OF AMT _____

COMPLAINANT _____ TAPE # _____ ARREST DATE 000000

JUV STAT _  REPEAT OFFENDER _  CAREER OFFENDER _  ORIG-LOC WRIT___  CURR-LOC _

FILING AGENCY _____ SER/CAS NO _____ ARREST NUM _____

LAI NUM _____ AIS/DSO NO _____ BOOKIN NUM _____

JP FILE DATE 000000 JP CASE ID _____ JP COURT ID __ FED _ EVH _ AFF _

MAGISTRATE DATE 000000 MAGIS COURT __ MAGIS JUDGE _____ BOUND OVER _

EXAM TRIAL DATE 000000 EXAM COURT __ EXAM JUDGE _____ IND METH WRT

GJ/H/R DT _____ _ GJ# _____ GJ/W/FILE 120905 GJ DS X DA DSP _ ACC _ REAS _

DA DISPOS DATE _____     MISDEMEANOR REDUCTION _  SENTENCE PROBATED _

JUDCL CASE ID W-0202191-B GJ CT __ PROS STAT _ ___ PROS NAME _____

COURT ASSIGNED TO FP   DATE ASSIGNED 120905   ASSIGNED BY M   REASON M

PRECEEDING DA CASE ID _____     SUCCEEDING DA CASE ID _____

TRN _____ TRS ____     WARRANT STATUS _ STATE OFF CD 00000004__
Thu Aug 10 07:51:05 CDT 2006

[ Page Down ]   [ Page Up ]   [ Close Window ]

This is your document, please print for your records.

To view additional information use the page up or page down key where applicable.



DA CASE ID W-0202191-B          JUDCL CASE ID W-0202191-B

A010 DEF NAME WILLIS          C010 DEF NAME WILLIS

TITLE                         NAMES

B070

ASSOCIATED NAME MCFARLANE_LESLIE_____   NAME REF CODE WA0512120

CT APPOINTED Y   BAR NO _____ BOND MAKER _   DT BOND MADE _____              _

TITLE                         CHARGE

C010

DEF NAME WILLIS_HERBERT_____ OFFENSE CD VA000300 STATE CD 00000004__

DESC 1107_PEN_WRIT_____   COMT _____   TYP/CL F P  GOC _

GJ COURT __   CURRENT COURT FP   PREVIOUS COURTS _____ CHOV DT _____

TITLE                         GENERAL COMMENTS

C080 121205_ODI_FILED_____

_____ DATE 121205 01                        _

C080 122705_STATE'S_RESPONSE_FILED_____

_____ DATE 122705 01                        _

Page Down    Page Up    Close Window